IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VAN MARCH #10827-007 | : | |
| Petitioner | : | |
| v. | : | Civil Action No: PJM-06-2916 |
| DISTRICT OF COLUMBIA BOARD OF PAROLE | : | |
| Respondent | : | |

o0o

**MEMORANDUM OPINION**

Before the Court is a pro se 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Van March, a D.C. Code offender and a federal prisoner incarcerated in the Federal Correctional Institution in Cumberland, Maryland.[1] Petitioner challenges the legality of a detainer lodged against him by the District of Columbia Board of Parole ("Board"), arguing that the Board lacks jurisdiction to execute a parole violator warrant against him, and that absent a parole revocation hearing, the detainer violates his due process rights. Counsel for Respondent has filed a Response in opposition to which March has filed a motion to amend the Petition.[2]

---

[1] The United States District Court for the District of Columbia transferred this matter by order dated September 12, 2006. The case was received in this Court on November 6, 2006. The United States Parole Commission has jurisdiction over District of Columbia felony prisoners pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No 105-33, § 11231(a)(1), 111 Stat. 712, 745 (effective August 7, 1998); D.C. Code, §24-131.

[2] The "amended petition" seeks to introduce new claims concerning the calculation and imposition of March's parole. These claims were not raised prior to the filing of the government's response, and will be denied without prejudice to future refiling. *See* Fed. R. Civ. P. 15(a).

Upon review of the pleadings, exhibits, and applicable law, the Court determines that a hearing is unnecessary and denies the Petition by separate order.

## I. Procedural Background and Facts

On April 5, 1976, the Superior Court of the District of Columbia sentenced Petitioner to one year imprisonment for petit larceny. On June 30, 1976, he was sentenced by the D.C. Superior Court to a consecutive term of thirty-five years for burglary II, robbery and violation of D.C. Code §§23-1321 & 1328. On December 7, 1987, the Superior Court sentenced him to fifty-four months incarceration for carrying a pistol without a license. The District of Columbia Board of Parole granted March parole from these sentences on December 6, 1991.

On July 30, 1998, Board conducted a revocation hearing on a violation charge of assault with a deadly weapon. The Board did not find a violation and maintained March on parole supervision. After the D.C. Superior Court found March guilty the assault, the Board issued a violator warrant with instructions to lodge the warrant as a detainer on January 13, 1999. On February 24, 1999, the D.C. Superior Court sentenced March to nine years imprisonment on the assault conviction.

On October 17, 2001, a U.S. Parole Commission hearing examiner conducted an initial parole hearing on March's 1999 sentence. On October 30, 2001, the Commission denied parole and scheduled reconsideration for October of 2004.[3]

On March, 21, 2003, the Commission reopened March's case in order to give him a dispositional revocation hearing on his 1976 and 1987 sentences. The Commission reopened the case because the parole violator detainer had not been addressed at the October 17, 2001, hearing.

---

[3]The hearing summary noted that March "beat the victim with a car club to unconscientiousness [sic]." and that he "has accepted no responsibility for his involvement in the instant offense. Subject appears to want to be in the role of the victim in this case, he clearly states that he did not commit this offense and does not know anything about the victim." Gov't Ex. 10 at 2.

The Commission conducted the revocation hearing on June 10, 2003. On July 11, 2003, the Commission revoked parole. Additionally, the Commission ordered that : 1) none of the time March spent on parole was to be credited; 2) the unexpired portion of the original D.C. Code sentence commence upon March's release by parole or mandatory release from the new sentence; and 3) the matter be continued for reconsideration in June of 2006.

The Commission conducted a reconsideration hearing on June 12, 2006. On June 30, 2006, the Commission denied parole, continued March to the expiration of his 1999 sentence, ordered execution of the violator warrant after the 1999 sentence expired, and continued him for reconsideration in June of 2009. The 1999 sentence will expire on January 18, 2008.

## II. Claims Presented

March claims that he is entitled to removal of the parole violator warrant lodged against him because the D.C. Board of Parole and its successor, the U.S. Parole Commission, violated his right to due process by failing to provide him a timely revocation hearing on his 1976 and 1987 sentences.

## III. Analysis

A parolee serving a new term of imprisonment for an offense committed while on parole is not entitled under the Due Process Clause to a revocation hearing until he is taken into custody under the parole violator warrant. *See Moody v. Daggett,* 429 U.S. 78, 86 (1976). In this case, the violator warrant issued but has not been executed, [4] and March is in custody on his 1999 sentence. He will remain so until that sentence expires in January of 2008. Since March is not entitled to a revocation hearing until he is taken into custody on the parole violator warrant, his constitutional right to due process has not been abridged. In regard to his 1976 and 1987 sentences, a revocation hearing was conducted on those sentences in June of 2003.

---

[4] Gov't Ex. 7.

For these reasons, habeas relief is not warranted. Accordingly, the Court will deny the Petition by separate Order.

DATE: 4/17/07

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE